IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAGROOP SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:26-cv-03531-MDH** |
| | ) | |
| **JASON JOHNSON, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner has been detained by the Department of Homeland Security ("DHS") since April 28, 2026. Pending is his Verified Petition for Writ of Habeas Corpus in which he argues the Due Process Clause requires that he be released or granted a hearing. The Court disagrees with Petitioner's arguments, and it concludes the Petition for Writ of Habeas Corpus should be **DENIED**.

## BACKGROUND

Petitioner is a native and citizen of India. He came to the United States on July 16, 2018, fleeing his home country after suffering and/or fearing political persecution based on his membership in a political party. DHS detained him and later issued him a Notice to Appear on October 18, 2018. Petitioner was released on a $12,000 bond on October 29, 2018. He then submitted an application for asylum and withholding of removal. He was also granted employment authorization, which remains valid through 2030.

On April 25, 2026, Petitioner was arrested by the Indiana State University Police for Identity Deception, False Identity Statement, and Display of Another's Identification Card in

violation of Indiana state law. Thereafter, Immigration and Customs Enforcement ("ICE") issued an arrest warrant for Petitioner and took him into custody on April 28, 2026. ICE transferred him to Greene County Jail in Springfield, Missouri, where he remains.

Petitioner filed a Verified Petition for Writ of Habeas Corpus in a prior proceeding before this Court. *Singh v. Arnott*, No. 6:26-cv-3281-MDH, 2026 WL 1454155 (W.D. Mo. May 22, 2026). The Court granted the petition on statutory grounds on May 22, 2026, (finding Petitioner's detention was governed by 8 U.S.C. section 1226) and ordered that DHS provide Petitioner with "a neutral hearing addressing flight risk, danger, and the alleged statutory basis for mandatory detention," or else immediately release him. Respondents chose to give Petitioner a hearing, which occurred on June 3, 2026. The Immigration Judge denied the request for change in custody status, finding that Petitioner did not meet his burden and that he is a danger to the community and a flight risk.

**<u>DISCUSSION</u>**

The Immigration and Nationality Act ("INA") is clear that "[n]o court may set aside any action or decision by the Attorney General under [section 1226] regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). However, this does not prevent a court from reviewing "challenges to the statutory framework that permits the alien's detention without bail" or "constitutional claims or questions of law." *Ortega-Rangel v. Sessions*, 313 F.Supp.3d 993, 1001 (N.D. Cal. 2018) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018), and *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011) (abrogated on statutory grounds recognized by *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022)).

Petitioner contends that he "is not asking the Court to review or reconsider the immigration Court's Bond decision or the inadequacy of the bond hearing." (Doc. 1-1, p. 6). This contradicts

his later claim of violation of the Fifth Amendment's Due Process Clause, in which he alleges the bond hearing was "constitutionally inadequate." However, he then provides no explanation of how the hearing was constitutionally defective. He merely alleges that "the evidence upon which the immigration judge relied, as a matter of law, did not establish that he is a danger or flight risk, by clear and convincing evidence . . . ." *Id.* While a court may consider whether evidence presented to an IJ fails, "as a matter of law, to prove flight risk or danger,"[1] Petitioner has not presented any facts from which this Court could draw a sound conclusion. Petitioner's complaint is thus simply asking this Court to review the bond decision, something Congress has prohibited.

Because U.S. law does not allow this Court to review Petitioner's claim, Petitioner's Petition for Writ of Habeas Corpus must be **DENIED**.

## CONCLUSION

The Court concludes Petitioner's claim is not reviewable. Accordingly, it is ORDERED that the Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED**.

DATED: September 22, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

[1] *See Sales v. Johnson*, 323 F.Supp.3d 1131, 1139 (N.D. Cal. 2017) (citing *Judulang v. Chertoff*, 562 F.Supp.2d 1119, 127 (S.D. Cal. 2008)).